UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 4:22-cr-00433-RBH |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Malik Earl Wilder, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Malik Earl Wilder's ("Wilder") motion to reconsider the Order denying his motion to suppress. ECF No. 62. The government filed a response on November 20, 2023. For the reasons stated below, Wilder's motion to reconsider is denied.[1]

Wilder is charged in a one-count indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), 924(a)(2), and 924(e). *See* ECF No. 4. This charge stems from Wilder's arrest at the Marco Polo pizzeria in Myrtle Beach, South Carolina on March 9, 2022.

Wilder moved to suppress the firearm and other evidence found in his bag when it was searched after Wilder admitted that marijuana was contained in the bag.[2] The Court denied Wilder's motion to suppress based on the inevitable discovery doctrine finding that the contents of Wilder's bag (the gun) would have inevitably been discovered during an inventory search following his unavoidable and inevitable arrest for possession of marijuana.

On October 24, 2023, Wilder moved to reconsider the Court's denial of his motion to

---

[1] Under Local Criminal Rule 12.06 (D.S.C.), "hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions may be determined without a hearing." Upon review of the briefs and documents/exhibits, the Court finds that a hearing is not necessary.

[2] Officer Channani credibly testified at the evidentiary hearing for the original suppression motion that Wilder admitted marijuana was contained in his bag. Wilder's statement was recorded on Officer Channani's body camera. Officer Channani further credibly testified that once he knew marijuana was in the bag based on Wilder's own statement, Officer Channani knew that Wilder was going to be placed under arrest. *See* Order denying motion to suppress, ECF No. 58 at 8.

suppress arguing the Myrtle Beach Police Department had no inventory search policy and therefore cannot prove the inevitable discovery of the contents of Wilder's bag. To support his motion to reconsider, Wilder relies on a Myrtle Beach Police Department policy directive dated June 16, 2023 that relates to inventory of detainee property. *See* ECF No. 62-1. Wilder contends the June 16, 2023 directive is affirmative evidence that the Myrtle Beach Police Department lacked standardized criteria for inventory searches prior to the date of the directive - June 16, 2023. The government responds that Myrtle Beach Police Department Standard Operating S-118 (effective July 12, 2004) ("SOP S-118") sets forth standardized criteria for inventory searches and that Wilder's contention that the Myrtle Beach Police Department lacked standardized criteria for inventory searches is mistaken.

The Court may entertain a motion for reconsideration before the entry of judgment in a criminal case. *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985). As the Federal Rules of Criminal Procedure lack any guidance on motions for reconsideration, courts look to the rules governing civil cases as a substantive guidepost. *See United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper.")

The Fourth Circuit has found three grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 54(b): "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (explaining this standard "closely resembles" the standard under Rule 59(e), which applies after the entry of judgment). A motion to alter or amend a judgment under Rule 59(e) is a remedy to be used

2

sparingly, and the Fourth Circuit has determined that such a motion is appropriate on three different grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998); *United States v. Muhammad*, Crim. No. 2:08-1237-PMD, 2009 WL 3319810, at *1 (D.S.C. Oct. 14, 2009); *United States v. Holland*, Crim. No. 0:15-CR-00666-JMC, 2016 WL 4771283, at *2 (D.S.C. Sept. 14, 2016).

Wilder had possession of the June 16, 2023 directive before the suppression hearing but chose not to introduce it into evidence. Typically, motions to reconsider are not intended to provide an opportunity for a litigant to offer evidence that was available and could have been submitted at the hearing on the original motion. Nevertheless, in its discretion, the Court will consider the June 16, 2023 directive at Wilder's request.[3] Similar to Wilder, the government did not introduce SOP S-118 into evidence at the hearing on the motion to suppress but has now directed the Court to SOP S-118 as evidence of its written inventory policy. *See* ECF No. 68-1. The Court will consider both the June 16, 2023 directive submitted by Wilder and SOP S-118 submitted by the government in determining the merits of Wilder's motion to reconsider.

Upon review SOP S-118, the Court agrees with the government that once Officer Channani determined that Wilder was going to be arrested for possession of marijuana (based on his own admission), the discovery of the contents of his bag, including the illegal firearm, was inevitable based on the written, standardized criteria set forth in SOP S-118. Contrary to Wilder's assertion, the

---

[3]    As a practical matter, there is no final judgment in this case and the Court may, in its discretion, reopen evidence before the entry of a final judgment. *United States v. Abbas*, 74 F.3d 506, 510 (4th Cir. 1996) ("It is within the district court's sole discretion to reopen a case to admit new evidence").

June 16, 2023 directive is not affirmative evidence that the Myrtle Beach Police Department lacked a standardized inventory policy at the time of Wilder's arrest.

Some relevant portions of SOP S-118 include:

> When an inmate is brought to this facility, all cash and personal property will be taken from the inmate prior to being placed into any cell and the following procedures shall be followed:
>
> A. A listing, including a description of each item, shall be made and signed by the booking officer and the inmate. A copy of this list should be available to the inmate upon request as a receipt.
>
> B. Inmate property shall be kept under lock and key at all times.
>
> C. When the property is returned to an inmate, they shall be required to sign for all property returned to them.
>
> D. This facility should not release inmate property to any "third party," without the inmate's written consent, by court order, or unless seized as evidence from a crime.
>
> 1. During the booking procedure all property of value and/or items that could be used to inflict bodily injury to the inmate or others shall be taken from the arrestee and logged on the booking report.

ECF No. 68-1 at 1.

Officer Channani's testimony regarding inventory searches before a defendant is brought to jail is consistent with SOP S-118 and supports the Court's earlier ruling. Officer Channani credibly testified that had he not searched the bag when he did, he would have taken the bag as Wilder's property to be transported to the Myrtle Beach Police Department Jail. Because Wilder was unavoidably bound for the Myrtle Beach Police Department jail based on his possession of

marijuana, pursuant to SOP S-118, Wilder's bag would have been inventoried and the firearm would have been inevitably discovered.  Wilder's motion to suppress fails under the inevitable discovery doctrine.  Wilder's arguments and the June 16, 2023 directive do not change the Court's conclusion on the inevitable discovery doctrine, nor do they amount to a sufficient basis for granting Wilder's motion to reconsider.

Wilder has failed to set forth an adequate basis for this Court to reconsider its Order denying Wilder's motion to suppress.  Accordingly, Defendant Malik Earl Wilder's motion to reconsider is **DENIED**.

IT IS SO ORDERED.

November 28, 2023  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge